## Berney v. Pennsylvania Railroad Company, Appellant.

*Common carriers—Carriers—Railroads—Question of fact—Delivery of goods.*

In an action against a carrier to recover the value of goods alleged not to have been delivered, plaintiff's witness testified that the plaintiff receipted for a consignment of goods, and received a delivery, but that on subsequent examination the particular package for which suit was brought, was not found among the goods delivered. Witnesses for the railroad company testified that the package had been delivered according to their records. *Held*, that the case was purely one of fact and for the jury, and that a verdict and judgment for plaintiff should be sustained.

Argued May 6, 1907. Appeal, No. 26, April T., 1907, by defendant, from judgment of C. P. Cambria Co., Dec. T., 1904, No. 289, on verdict for plaintiff in case of I. Berney and M. Berney, trading as Berney Brothers, v. The Pennsylvania Railroad Company. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD and BEAVER, JJ. Affirmed.

Assumpsit against a carrier for goods not delivered.

O'CONNOR, P. J., charged as follows :

The issue you have been sworn to try is entered to No. 289, December Term, 1904, of the court of common pleas of Cambria county. In that issue Berney Brothers claim from the defendant company, the Pennsylvania Railroad Company, the value of a consignment of shirts which was purchased by them in the city of New York and sent to their address in the city of Johnstown. Upon receipt of the bill of lading, according to the prevailing custom, Berney Brothers paid the freight on the goods, and within several days they discovered that they had not gotten their goods. They made report of the matter, or notified the authorities there who had charge of the affairs of the Pennsylvania Railroad Company, but claim that they never received the goods. Mr. Berney testified to that state of facts, and the young man who attended to looking after that part of the business also testified to that. Mr. Berney further

testified that they were forced to pay the bill, after being threatened with suit, and that the Hub Shirt Company agreed to give them a six per cent discount if they were not obliged to press their claim against them.

The Pennsylvania Railroad Company produced its agent in charge and he testified that the records show that the particular goods in question were receipted for and delivered to Berney Brothers. Another witness testified in the same line— that he took the case of goods out of the car, and that so far as the records show it was delivered to Berney Brothers, and he does not have any personal recollection of this fact; he simply states that his records show that the box was taken from the car and delivered to the plaintiffs.

You will take all the testimony and from it discover what the facts are. If you are satisfied, from the weight of the evidence, that Berney Brothers did not receive the goods from the Pennsylvania Railroad Company, they would be entitled to recover the amount they claim in this case, which amount will be shown by the calculation which you will have out with you when you go to the jury room. If you are satisfied, from the weight of the evidence, that the plaintiffs did receive this box of shirts, then your verdict will be for the defendant company. That is the only question of fact in the case, and this question you alone must determine. We do not wish to indicate that we attach more weight to the evidence on one side of the case than that on the other side. We submit the question to you, and you must find what the facts are from the evidence in the case. Cast aside any sympathy or prejudice you may have for or against either of the parties to this case. Determine what the facts are and render a verdict on the facts as they appear to you from the weight of the evidence. There is no dispute as to the amount. If you find for the plaintiffs you will find for the amount set forth in the statement which will be sent out with you. If you find for the defendant company you simply find for the defendant.

Counsel for defendant company has requested the court to instruct the jury as follows :

2. That if they do not believe they received that particular box, then they cannot recover until they return the box and its contents which they receipted for, accepted and did not re-

turn. *Answer:* This point is refused, as there is no evidence of plaintiffs having received any goods not their own. [1]

3. That under all the evidence the verdict should be for the defendant company. *Answer:* We refuse this point. [2]

Verdict and judgment for plaintiff for $68.75. Defendant appealed.

*Errors assigned* were (1, 2) above instructions, quoting them.

*H. W. Storey,* for appellant.

*Percy Allen Rose,* of *Forest & Percy Allen Rose,* with him *Horace R. Rose,* for appellees.

Opinion by Morrison, J., October 7, 1907:

In this action of assumpsit the plaintiff avers a contract made with the defendant on September 4, 1903, that the latter would transport from New York City and deliver to the plaintiffs at Johnstown, Pennsylvania, a certain case of shirts of the value of $71.87; that the shirts were delivered to the defendant at New York and carried by it to Johnstown, where the plaintiffs paid the defendant for its services, in accordance with the contract, $1.19; that the defendant neglected and refused to deliver the goods to the plaintiffs, although several times requested so to do, and that by reason of this breach of said contract, the plaintiffs suffered damages, before the bringing of this suit, in the sum of $71.06. The evidence was sufficient to warrant the jury in finding the above facts in favor of the plaintiffs, although it was in conflict. The defendant did not deny the contract, nor the receipt of the $1.19, but averred that the case of shirts was duly delivered to the plaintiffs at Johnstown, in accordance with the contract.

As the case was tried and submitted to the jury, it was purely a question of fact on conflicting evidence as to whether or not the shirts were delivered by the defendant to the plaintiffs. The learned court submitted this question and the measure of damages to the jury in a charge of which the defendant has no just ground of complaint. We find no merit in the assignments of error. The case was well tried on its merits and the jury having found in favor of the plaintiffs, and assessed

the damages at the actual amount of their loss, if the plaintiffs did not receive the goods, we can see no adequate reason for disturbing the judgment.

The assignments of error are dismissed and the judgment is affirmed.